Turley J.
delivered the opinion of the court.
This case presents the isolated question, whether the town of Knoxville, under the provisions of the act of 1815, chap. 204, its charter of incorporation, has the power to levy and collect taxes for municipal purposes.
*8 By the 1st sec. of that act the town of Knoxville, in the county of Knox, and the inhabitants are constituted a body politic and corporate, by the name of the mayor and aldermen of the town of Knoxville, and shall have perpetual succession, and by their corporate name may sue and be sued, plead, and be impleaded, grant and receive, purchase and hold real, personal and mixed property, or dispose of the same for the benefit of the said town, and have and use a town seal. By the 2d sec. it is provided, that the corporation, aforesaid shall have full power and authority, to enact and pass laws and ordinances to preserve the health of the town, prevent and remove nuisances, to establish night watches or patrols, to ascertain when necessary, the boundary, location of streets, lots and alleys, &c. &c.: and to lay and collect taxes for carrying the necessary measures into operation for the benefit of said town. 1
It is not necessary to enter into an argument to prove that it is necessary for the corporate authorities of Knoxville to have a sufficient annual fund for the purpose of exercising the powers conferred upon them; and that this fund can only be obtained by annual taxation upon the property of the corporation.
But the power to levy this tax is assailed upon two grounds: 1st. Because the power to levy taxes is inherent in the legislature of the state, and cannot be delegated; for the sustaining which proposition, the case of Marr vs. Enloe, 4th Yerger is cited and relied upon.
Upon this point, all we deem it necessary to say is, that the state of Tennessee is a sovereign and independent power, except so far as it is restrained by the constitution of the United States; that its legislature has unlimited power of legislation, except so far as it is restrained by the Constitution of the United States and the constitution of the state of Tennessee. That it has always been held and never denied, that the power *9 to create corporate bodies for all municipal purposes, and with the means of self government is a legitimate exercise of sovereignty on the part of the state by its legislature: and that there is nothing in the constitution of the United States or of the state, restraining or prohibiting the exercise of such power by the state.
The case of Marr vs. Enloe, if authority at all, is not applicable to this case; there it was held that the legislature could not transfer the power of taxation to the county court, because the justices were not appointed by the tax-payors, and that it would therefore be taxation without representation. But in the case under consideration the tax payors of the corporation appoint the assessors, and are therefore represented by them.
2nd. It is contended that though the act of 1815, might have been constitutional under the provisions of the old constitution which directed a specific taxation, that it has lost its force under the new, which directs taxation to be ad valorem.
This argument we do not think maintainable. The act of 1815, does not specify the mode or manner by which taxes shall be laid and levied by the corporation, but gives the power. If then, under the old constitution, one mode and manner should have been prescribed; and under the new, another inconsistent therewith, it would follow that the new mode prescribed, might and should be pursued — as the power is not repealed thereby. This would make it necessary then, that corporations in levying taxes, should do so upon the principles of the new constitution, which provides in art. 2, sec. 28, that all property shall be ■ taxed according to its value: and that no species of property from which a tax may be collected, shall be taxed higher than any other species of property of equal value.
We therefore think that the power of' the corporation of Knoxville, to levy and collect taxes in this mode and manner? *10 is complete and perfect under the act of 1815, and affirm the judgment of the circuit court.